UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In Re:                                                                  Case No. 11-19590-8Mc1
    Sunil Abhyankar                                  Chapter 11
    Anjani Abhyankar
        Debtors.
_____/

## CHAPTER 11 PLAN OF REORGANIZATION

**You should read this Chapter 11 Plan of Reorganization (this ~Plan") carefully and discuss it with your attorney.  Confirmation of this Plan, as modified by the Bankruptcy Court, may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.  Payments distributed under this Plan as herein provided or as modified by the Bankruptcy Court, are subject to the availability of funds.**

     Sunil Abhyankar and Anjani Abhyankar (~Debtors") hereby file this Plan.  In support of this Plan, Debtors proposes the following:

### DEFINITIONS AND CONSTRUCTION

     This Plan adopts and incorporates herein by reference all definitions and construction set forth in the Disclosure Statement.  A copy of the Disclosure Statement accompanies this Plan.

### CLASSIFICATION OF CLAIMS AND
### INTERESTS AND TREATMENT OF CLAIMS

     The claims and interests of Debtors are hereby classified in the following classes and shall receive the following treatment:

### Class I

     The creditors of Class I are those for ordinary Administrative Claims and Expenses incurred during the Chapter 11 proceeding and administrative expenses and costs allowed by the Bankruptcy Court.  There are no Administrative Claims and Expenses.  Any accrued costs or expenses payable to the Clerk of Court for filing fees or to the United States Trustee for quarterly fees shall be paid on or before the confirmation hearing.

## Class II

The creditors of Class II are those for any Domestic Support Obligations. There are no Domestic Support Obligations.

## Class III

Class III is the secured claims of The Pinellas County Tax Collector (Claim #1) and J.P.Morgan Chase, NA (Claim #27), and American Honda Finance Corporation (Claim #11). Both Chase and the Tax Collector hold claims (mortgage and *ad valorem* taxes) on Debtors' real property located at 514 Belle Isle Avenue, Belleair Beach, Florida, Pinellas County, Florida for $8,357.38 and $148,481.07, respectively. The Debtors are ¬surrendering" this property to the mortgagee. The Pinellas County Tax Collector (Claim #1) has been paid by the mortgagee. J.P.Morgan Chase, NA shall receive the real property in full satisfaction of its claim. American Honda was for an expired leased vehicle that was timely returned.

## Class IV

Class IV shall consist of the remaining general unsecured claims. More specifically, Class IV shall consist of the following general unsecured creditors as well as any other claimant that timely files an allowed proof of claim:

| | Claimant | Estimated Claim Amount | Estimated Distribution Under Chapter 11 Plan |
|---|---|---|---|
| 2 | FIA Card Services, NA | $13,222.28 | $ 1,573.45 |
| 3 | FIA Card Services, NA | $ 26,047.56 | $ 3,099.66 |
| 4 | FIA Card Services, NA | $ 6,578.73 | $ 782.87 |
| 5 | American Express bank, FSB | $ 36,705.20 | $ 4,367.92 |
| 6 | American Express Centurion Bank | $ 38,751.35 | $ 4,611.41 |
| 7 | Discover Card | $ 4,648.29 | $ 553.15 |
| 8 | Nordstrom | $ 14,001.01 | $ 1,666.12 |
| 9 | American Express Centurion Bank | $ 25,375.76 | $ 3,019.72 |
| 10 | Department Stores National Bank- VISA | $ 6,987.39 | $ 831.50 |
| 12 | SunTrust Bank | $ 48,989.45 | $ 5,829.74 |
| 13 | Morton Plant Hospital | $ 5,608.80 | $ 667.45 |
| 14 | American Express Centurion Bank | $ 6,626.99 | $ 788.61 |
| 15 | Verizon Wireless | $ 598.13 | $ 71.18 |
| 16 | Mercedes-Benz Credit Corporation | $ 30,032.50 | $ 3,573.87 |
| 17 | American Express Bank, FSB | $14,389.61 | $ 1,712.36 |
| 18 | FIA Card Services, NA | $8,090.99 | $ 962.83 |

| 19 | FIA Card Services, NA | $ 18,710.24 | $ 2,226.52 |
| 20 | FIA Card Services, NA | $31,650.47 | $ 3,766.41 |
| 21 | Candica, LLC | $ 2,760.23 | $ 328.47 |
| 22 | Samuel Dale Trude | $ 115,620.00 | $ 13,758.78 |
| 23 | Quantum3 Group, LLC | $ 5,608.80 | $ 667.45 |
| 24 | LVNV Funding, LLC | $10,366.72 | $ 1,233.64 |
| 25 | Asset Acceptance, LLC | $ 22,246.88 | $ 2,647.38 |
| 26 | Ashley Funding Services, LLC | $ 332.00 | $ 39.51 |
| 28 | ADT Security Services | $ 1,551.97 | $ 184.68 |
| 29 | Avalon Land Holding, LLC | $411,856.38 | $ 49,010.91 |

These creditors have unsecured claims arising by virtue of consumer and business debt. Debtors estimate the claims in Class IV totaling $907,358.00. Class IV shall be paid a total of $108,025.00 to be distributed *pro rata* among the entire class, irrespective of the total amount of claims within Class IV actually allowed. Such payment represents an estimated twelve percent (12%) distribution. Debtors shall pay distributions to Class IV as follows: Claimants' numbers 4, 7, 10, 13, 14, 15, 18, 21, 23, 26 and 28, as referenced above shall be paid in full within ninety (90) days of the Effective Date of the Plan. Claimants' number twenty-two (22) and twenty-nine (29) shall be paid in sixty (60) equal monthly payments, beginning thirty (30) days of the Effective Date of the Plan. All other claims shall be paid within twenty-four (24) months from Effective Date of the Plan.

Debtors shall execute and deliver Promissory Notes to each creditor in Class V in an amount equal to the *pro rata* distribution of all claims within Class V actually filed and allowed by the Bankruptcy Court. A copy of the form of Promissory Note to be provided is attached hereto as **Exhibit ~A"** and incorporated herein by reference. Each Promissory Note shall be enforceable in the state courts of Pinellas County, Florida, where Debtors presently resides.

### Source of Payments

The Plan will be funded by Debtors' current and future income earned by the Debtors in their current employment.

### Retention of Jurisdiction

Until the case is closed the Bankruptcy Court shall retain jurisdiction to insure that the purpose and intent of this Plan is accomplished. Therefore, the Bankruptcy Court shall retain jurisdiction to hear and to determine the following:

The classification of a claim of any creditor, the re-examination of claims which have been allowed for purposes of voting and the determination of such objections as may be filed against claims;

The determination of all matters and disputes regarding title to the assets of the estate and the determination of all causes of action, controversies, disputes or conflicts whether or not subject to action pending as of the date of confirmation between Debtors and any other party included but not limited to any rights of parties in interest to recover assets pursuant to the provisions of the United States Bankruptcy Code;

The correction of any defect, the curing of any omission or the reconciliation of any inconsistency in this Plan or the Order of Confirmation as may be necessary to affect the purposes and intent of this Plan;

The modification of this Plan after confirmation pursuant to the United States Bankruptcy Code and the Federal Rules of Bankruptcy Procedure;

The enforcement and interpretation of the terms and conditions of this Plan;

The entry of an order, including injunctions, necessary to enforce the title, rights and powers of parties in interest and to impose such limitations, restrictions, terms and conditions of such title rights and powers as the Bankruptcy Court may deem necessary; and

The entry of an order and final decree concluding and terminating this case.

_____
SUNIL ABHYANKAR

_____
ANJANI ABHYANKAR

Dated: May 21, 2012

_____
Steven M. Fishman, PA
Steven M. Fishman, Esq.
2454 N. McMullen Booth Rd., #D-607
Clearwater, FL   33759
(727) 724-9044; Fax (727) 724-9503
steve.fishman@verizon.net
FBN 0920721
Attorney for Debtors

4

## PROMISSORY NOTE

$_____                                      Clearwater , Florida
                                                   _____,2012

FOR VALUR RECEIVED, Sunil Abhyankar and Anjani Abhyankar , jointly and severally, if more than one, promise to pay _____(Claim #\_\_\_\_\_), the principal sum of _____Dollars ($_____), without interest from date at the rate hereinafter specified, on the balance from time to time remaining unpaid. The said principal shall be payable in lawful money of the United States of America, at _____, or at such place as may hereafter be designated by written notice from the holder to the make hereof, on the date and in the manner following:

(a) This Note shall not bear interest;
(b) Commencing thirty (30) days from the entry of the Confirmation Order entered on _____(Docket #\_\_\_)] of the Chapter 11 case styled, *In re: Sunil Abhyankar and Anjani Abhyankar, Case No. 11-19590-Mc1*, in equal monthly payments of $_____ until the claim has been paid in full

All such sums of money so paid shall be credited by the payee, first to the interest on this Note and the balance to reduction of the principal hereof.

In the event of any default under the terms of this Note, including, but not limited to, the failure of the makers hereof to make any payment of principal or interest hereby required on or before the fifteenth (15th) day following its due date, the Holder of this Note may, at its option and without notice, declare the entire balance of principal and accrued interest then remaining unpaid to be immediately due and payable, time being of the essence. Failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of subsequent default.

Each person liable hereon, whether maker or endorser, hereby waives presentment, protest, notice, notice of protest and notice of dishonor and agrees to pay all costs, including a reasonable attorney's fee, whether suit be brought or not, if after maturity of this Note or default hereunder, local counsel shall be employed to collect this Note or to protect the security of said assignment.

This Note may be prepaid at any time, in whole or in part without penalty.

Makers' Address:
                                                   _____
                                                   Sunil Abhyankar

                                                   _____
                                                   Anjani Abhyankar

EXHIBIT "A"

## Certificate of Service

**I HEREBY CERTIFY** that a true, complete and correct copy of the foregoing Chapter 11 Plan of Reorganization has been furnished on May 22, 2012 by electronic transmission to:

United States Trustee

/s/ Steven M. Fishman
Steven M. Fishman, PA
Steven M. Fishman, Esq.
2454 N. McMullen Booth Rd., #D-607
Clearwater, FL 33759
(727) 724-9044; Fax (727) 724-9503
steve.fishman@verizon.net
FBN 0920721
Attorney for Debtors

5